# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

ROBERT MCCOY                                    CIVIL ACTION NO. 11-395-P

VERSUS                                          JUDGE STAGG

BOSSIER PRESS TRIBUNE, ET AL.          MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned magistrate judge for review, report and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Robert McCoy ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on March 4, 2011. Plaintiff is incarcerated at the Bossier Maximum Security Center in Plain Dealing, Louisiana. He names the Bossier Press Tribune, Jim Potts, Sheriff Larry Deen, the Bossier Parish Sheriff's Office, Detective Kevin Humphries, Detective Brian Griffith, the Bossier City Police Department, Lt. Ed Baswell, Warden Craig Stokes, and the Nez Perce County Sheriff Department as defendants.

Plaintiff claims that from May 29, 2008 to the present, Jim Potts, Sheriff Larry Deen, Warden Craig Stokes, Lt. Ed Baswell, Detective Kevin Humphries, Detective Brian Griffith, the Bossier City Police Department, the Bossier Parish Sheriff's Office, and the Nez Perce County Sheriff Department have defamed his character. He claims malicious, fabricated information about him was published to the public. He claims that as a result, he suffered

psychological, mental, and emotional pain.  He also claims his employment was disrupted, his financial resources were depleted, and his associations were curtailed.

Plaintiff claims Jim Potts is a journalist.  He claims Potts wrote an article that was published in the Bossier Press Tribune which stated that he committed a home invasion and killed three individuals.  He claims Potts further wrote that he hitchhiked through seven states and then attempted to hang himself.  He claims Potts also wrote that he attempted to kill himself two more times by slashing his wrists and swallowing disposable razors.

Plaintiff claims Sheriff Larry Deen is the supervisor of Lt. Baswell, Warden Stokes, and the Bossier Parish Sheriff's Office.  He claims he wrote Sheriff Deen regarding the false statements his employees had released to the public about him.  He claims the employees informed Jim Potts that he had committed a home invasion, attempted suicide three times, and killed three people.  He claims Sheriff Deen ignored his letter and failed to correct the false statements made by his employees.

Plaintiff claims Detective Humphries and Detective Griffith released false information about him to Jim Potts.  He claims Humphries and Griffith told Potts that he committed a home invasion, killed three people, hitchhiked through seven states, shot individuals when he did not own a gun, attempted to commit suicide three times, and committed a battery.  He claims there is no evidence to prove any of these allegations.

Plaintiff claims the Bossier City Police Department is the employer of Detective Humphries, Detective Griffith, and Chief Williams.  He claims the Bossier City Police Department failed to investigate and validate the investigation conducted by its employees.

Plaintiff claims Lt. Ed Baswell is the spokesperson for the Bossier Parish Sheriff Office.  He claims Lt. Baswell and Warden Stokes informed Jim Potts that he attempted to commit suicide three times, swallowed a razor blade, bit a hole in his elbow, attempted to hang himself, slashed his wrists, and killed three people.  He claims they have no proof to support these statements.

Plaintiff claims the Nez Perce County Sheriff Office informed Louisiana Officials that he attempted to hang himself.  He claims the Sheriff Office fabricated this statement to hide the fact that he had been maliciously beaten.

As relief, Plaintiff seeks monetary compensation for the defamation of his character.

## LAW AND ANALYSIS

Plaintiff claims Jim Potts, Sheriff Larry Deen, Warden Craig Stokes, Lt. Ed Baswell, Detective Kevin Humphries, Detective Brian Griffith, the Bossier City Police Department, the Bossier Parish Sheriff's Office, and the Nez Perce County Sheriff Department have defamed his character.  Such allegations merely implicate Plaintiff's reputation and are insufficient to establish a cause of action under § 1983.  Plaintiff has not alleged or shown that another constitutional right has been infringed.  There is "no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process clause of the Fifth or Fourteenth Amendment." Paul v. Davis, 424 U.S. 693, 702, 96 S. Ct. 1155, 1161 (1976).  Plaintiff's allegations, if accepted as true, may amount to a state law claim for defamation, a tort.  However, mere defamation does not amount to a denial of a constitutional right because this action on the part of the Defendants

does not rise to the level of a constitutional tort.  See id. at  711-12, 96 S.Ct. at 1165-66; see Cook v. Houston Post, 614 F.2d 791, 794 (5th Cir. 1980).

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 10th day of January, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE